**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALMO MUSIC CORP., BOURNE CO., CROMWELL MUSIC, INC., and GOO EYED MUSIC, | : | |
| Plaintiffs, | : | CIVIL ACTION NO: |
| v. | : | |
| CELEBRATIONS PLAZA, INC., MARIE R. LEPORACE and JOSEPH LEPORACE, | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiffs, by their counsel, Pepper Hamilton LLP, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2 (all references to "columns" herein refer to the numbered columns set forth in SCHEDULE A) are the owners of the copyrights in the works listed in Column 3, and are properly joined in this Complaint under Fed. R. Civ. P. 20.

5. On information and belief, Defendant, Celebrations Plaza, Inc. ("Celebrations Plaza"), is a corporation organized under the laws of Pennsylvania, with a principal place of business at 2201 Galloway Road, Bensalem, Pennsylvania 19020.

6. At all times hereinafter mentioned, Celebrations Plaza did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as La Cena Ristorante, located at 2233 Galloway Road, Bensalem, Pennsylvania 19020.

7. Musical compositions were and are publicly performed at La Cena Ristorante.

8. On information and belief, Defendants, Marie R. Leporace ("Ms. Leporace") and Joseph Leporace ("Mr. Leporace" and, together with Celebrations Plaza and Ms. Leporace, the "Defendants") are individuals who reside and/or do business in this District.

9. On information and belief, Ms. Leporace and Mr. Leporace, were and still are principals, officers, and/or directors of Celebrations Plaza.

10. At all times hereinafter mentioned, Ms. Leporace and Mr. Leporace were, and still are, responsible for the control, management, operation, and maintenance of the affairs of Celebrations Plaza.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at La Cena Ristorante, including the right and ability to supervise and control the public performance of musical compositions at La Cena Ristorante.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at La Cena Ristorante.

## FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT
## OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

13. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 600,000 songwriter, composer, and music publisher members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. Since August 2011, ASCAP representatives have made more than 35 attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for La Cena Ristorante. ASCAP has contacted Defendants, or their agents, by phone, by mail, by fax, by e-mail, and in person.

16. Defendants have refused all of ASCAP's offers of a license for La Cena Ristorante.

17. ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at La Cena Ristorante constitute infringement of ASCAP's members' copyrights.

18. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at La Cena Ristorante, including the copyrighted works involved in this action, without permission, during

the hours that La Cena Ristorante is open to the public for business and presenting musical entertainment.

19. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

20. The composition named in cause of action 1 was registered as an unpublished composition on the date stated in Column 5, and since the date of registration has been printed and published in strict conformity with Title 17 of the United States Code.

21. The compositions named in causes of action 2 and 3 were published on the date stated in Column 5, and since the date of publication have been printed and published in strict conformity with Title 17 of the United States Code.

22. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

23. The compositions named in causes of action 1 and 2 are now in the renewal term of copyright, secured by the due filing of applications for renewal of copyright in the office of the Register of Copyrights. The Register of Copyrights thereupon issued Certificates of Registration of the claims of the renewal of copyright in the name of the claimants listed in Column 7. The date and identification number of the renewal certificates are set forth in Column 8.

24. Defendants, on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at La Cena Ristorante,

for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

25. The public performances at La Cena Ristorante of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

26. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

27. The many unauthorized performances at La Cena Ristorante include the performances of the three (3) copyrighted musical compositions upon which this action is based.

28. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

29. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

1. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the afore-mentioned compositions or any of them and from causing or permitting the said compositions to be publicly performed in Defendants' said premises, or in any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

# Schedule A

| Columns | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication (or registration if registered as unpublished) | Certificate of Registration Number | Renewal | Renewal Certificates Date and Number | Date of Known Infringement |
| 1. | ALMO MUSIC CORP. | DRIFT AWAY | Mentor Williams | May 24, 1972 (registered as unpublished) | EU 331-792 | Almo Music Corp. | RE 816-855 January 3, 2000 | August 15, 2014 |
| 2. | BOURNE CO. | ARE YOU LONESOME TONIGHT? | Lou Handman | November 9, 1926 | EXXc. 651588 | Lou Handman | R120445 November 9, 1953 | August 15, 2014 |
| | CROMWELL MUSIC, INC. | | Roy Turk | | | Mrs. Gladys Turk | R 120450 November 9, 1953 | |
| 3. | GOO EYED MUSIC | I'M YOURS | Jason Mraz | February 13, 2008 | PA 1-679-602 | | | August 15, 2014 |

2. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

3. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

4. For such other and further relief as may be just and equitable.

Respectfully submitted,

*[signature]*

Vincent V. Carissimi (PA 42227)
Noah S. Robbins (PA 206803)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
Telephone: (215) 981-4000
Facsimile:  (215) 689-4625
Email: carissimiv@pepperlaw.com
            robbinsn@pepperlaw.com

Attorney for Plaintiffs,
Almo Music Corp., Bourne Co., Cromwell Music, Inc. and Goo Eyed Music

Dated:  January 31, 2017